OPINION
{¶ 1} Defendant-appellant William Stewart appeals from his conviction and sentence for burglary. Stewart contends that the trial court erred in failing to set his motion to withdraw his guilty plea for a hearing and that his withdrawal of that motion was involuntary. We conclude that Stewart voluntarily chose to withdraw his motion, and because he did so, there was no need for the trial court to hold a hearing. *Page 2 
Therefore, we affirm the judgment of the trial court.
 I {¶ 2} In February, 2008, Stewart was indicted on one count of burglary. The following month, Stewart entered into a plea agreement whereby he pled guilty, and the State agreed to a sentence of community control and to Stewart's release on his own recognizance while the pre-sentence investigation was conducted. Two weeks before his sentencing date, Stewart filed a motion to withdraw his guilty plea. At the outset of the scheduled sentencing hearing, the trial court advised Stewart that a hearing was being scheduled on his motion to withdraw his plea and that during the pendency of the motion, his recognizance bond would be withdrawn and his previous bond reinstated. After a lengthy discussion with the trial court judge and a break in the proceedings during which Stewart had an opportunity to confer with his attorney, Stewart elected to withdraw his motion to withdraw his plea, and the trial court proceeded to sentence him to community control. Stewart appeals.
 II {¶ 3} Stewart's First Assignment of Error:
 {¶ 4} "THE TRIAL COURT ERRED IN FAILING TO SET MR. STEWART'S MOTION FOR A HEARING TO DETERMINE WHETHER A REASONABLE BASIS EXISTED TO WITHDRAW HIS PLEA."
 {¶ 5} In his first assignment of error, Stewart argues that once his pre-sentence motion to withdraw his sentence was filed, the trial court was obligated, pursuant to State v. Xie (1992), 62 Ohio St.3d 521, to hold a hearing on the motion. However, because Stewart withdrew his motion, the trial court had no reason to conduct a *Page 3 
hearing.
 {¶ 6} Contrary to Stewart's assertion, Xie does not mandate a hearing every time a pre-sentence motion to withdraw a plea is filed. While the Supreme Court held in Xie that a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted, the Court also held that the right to withdraw a guilty plea is not absolute. Id. Instead, a defendant must demonstrate that there is a reasonable and legitimate basis for the withdrawal of his plea. Id. Ordinarily, the trial court will need to conduct a hearing to make this determination. Id. Nevertheless, when a defendant withdraws his motion to withdraw his plea, as Stewart did, there is no reason to hold the hearing or, really, any pending motion on which a hearing could be held.
 {¶ 7} Stewart's first assignment of error is overruled.
 III {¶ 8} Stewart's Second Assignment of Error:
 {¶ 9} "MR. STEWART'S DECISION TO WITHDRAW HIS MOTION WAS PRESSURED AND INVOLUNTARY."
 {¶ 10} In his second assignment of error, Stewart maintains that his decision to withdraw his motion to withdraw his plea was pressured and involuntary because he was under pressure of being returned to jail and was "confused and reluctant to go forward." The record does not support his claim.
 {¶ 11} At the opening of the scheduled sentencing hearing, the trial court judge acknowledged that Stewart had filed a motion to withdraw his plea. The court informed Stewart, "If you want to withdraw your plea that's fine, but you were released based upon your request. The bond was modified under the circumstances. *Page 4 
 {¶ 12} "The State has requested that if you withdraw your plea they're requesting that the bond be reinstated, okay.
 {¶ 13} "I don't care what you do, but I'm going to do something now, okay.
 {¶ 14} "I'm either going to proceed to sentencing or we're going to go forward on — and set your motion to withdraw your plea for hearing."
 {¶ 15} The court then told the defendant, "Okay, I'm going to recall this in five minutes and then you need to make a decision. I don't care what it is, but you need to make a decision, sir, okay?"
 {¶ 16} When the case was recalled, there was additional dialogue with the defendant and his attorney. At one point the court set a hearing for "next Friday morning at 11:00", and the defendant responded, "Yes, I do want to withdraw." After further conversation took place, the court asked, "You want to withdraw your plea?" Stewart responded, "To withdraw — to withdraw it." The court clarified, "You do want to go forward with sentencing?", to which Stewart responded, "Yes." The court then proceeded to a usual sentencing hearing and the defendant and his attorney signed an order and entry withdrawing his motion to withdraw his guilty plea.
 {¶ 17} The defendant argues that "Stewart, under pressure indicated he would withdraw the motion."
 {¶ 18} State v. Hoff (May 3, 1994), Franklin App. No. 93APC10-1485, reversed the trial court's finding that the defendant was not coerced into withdrawing his motion to withdraw his guilty plea. Hoff was out of custody throughout a protracted case and the trial judge stated, "If I allow him to withdraw his plea today, I'll tell you right now, I'll find he's been engaged in willful delay of this matter, and I'd revoke his bond and set a *Page 5 
new bond. You may want to talk to him a little further. I'll pass on this matter while we deal with other matters. The original charges will be reinstated; probably new bond will be in the vicinity of $10,000 cash or surety."
 {¶ 19} The appellate court did not accept the State's argument that the defendant "voluntarily withdrew his motion to withdraw his guilty plea. . ." and reminded trial courts that "the purpose of bail is to secure a defendant's appearance and not to punish a defendant for perceived inconvenience to the court." Id., at *2, fn 2.
 {¶ 20} However, the bond discussion for Stewart was not punishment or retaliation for Stewart's "willful delay", but rather a reinstatement of a previous bond which had been changed to a conditional own recognizance at the State's request as part of the plea agreement, which he was indicating he wished to withdraw. There was, of course, pressure on Stewart, but that itself does not invalidate an otherwise voluntary decision. The "criminal process, like the rest of the legal system, is replete with situations requiring the making of difficult judgments as to which course to follow. Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose." McGautha v. California (1971), 402 U.S. 183, 213,91 S.Ct. 1454, 28 L.Ed.2d 711 (citation and internal quotation marks omitted), as cited in McKune v. Lile (2002), 536 U.S. 24, 41-42, 122 S.Ct. 2017,153 L.Ed.2d 47. For example, "do you testify?"; "do you represent yourself?"; "do you waive your Fifth and Sixth Amendment rights and make a statement?"; "do you waive a jury?"; "do you subpoena a certain witness?"; "do you consent to a search?"; "do you plead guilty?", etc. . . . *Page 6 
 {¶ 21} Whether Stewart's decision was voluntary is a question of fact to be determined from the totality of the circumstances. State v.Posey (1988), 40 Ohio St.3d 420, 427, citing Schneckloth v.Bustamonte (1973), 412 U.S. 218, 227, 93 S.Ct. 2041, 2048,36 L.Ed.2d 854. The basic test for voluntariness is whether the statement is the product of a rational intellect and free will. Mincey v. Arizona (1976),437 U.S. 385, 398, 98 S.Ct. 2408, 57 L.Ed.2d 290. Voluntary means that the defendant has a choice, no matter how bad the consequences.Bordenkercher v. Hays (1978), 434 U.S. 357, 364, 98 S.Ct. 663,54 L.Ed.2d 604, cited in State v. Dunbar, Cuyahoga App. No. 87317,2007-Ohio-3261, ¶ 109.
 {¶ 22} The record demonstrates that Stewart was given ample opportunity to consider his decision of whether or not to proceed with his motion and to consult with his attorney. The fact that Stewart had to weigh the ramifications of his decision and make a difficult choice does not make his decision involuntary or coerced. It is impossible to divine what was in Stewart's mind as he passed between Scylla and Charybdis in deciding whether to continue with his request to withdraw his plea or to withdraw the request. Perhaps he did not expect to have his recognizance bond revoked, or perhaps he did not want to chance that his motion would be granted since then, if convicted, the promise of community control would not be binding. Many decisions faced by a defendant present a Morton's Fork, but the only question before this court is whether the trial court erred in finding that the defendant voluntarily withdrew his motion to withdraw his plea. Based on the record, we find that it did not and the second assignment of error is overruled.
 IV *Page 7 {¶ 23} Stewart's assignments of error having been overruled, the judgment of the trial court will be Affirmed.
BROGAN, J. and GRADY, J., concur. *Page 1